OMOA WIRELESS, S. DE R.L., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 1:06CV148.

United States District Court,
M.D. North Carolina.

May 25, 2007.

———

Frederick M. Thurman, Jr., Shumaker Loop & Kendrick, Charlotte, NC, for Plaintiff.

Brittney N. Campbell, U.S. Department of Justice, Washington, DC, for Defendant.

*MEMORANDUM OPINION and ORDER*

OSTEEN, District Judge.

Plaintiff OMOA Wireless, S. de R.L. ("OMOA" or "Plaintiff") filed this action against Defendant United States of America (the "United States" or "Defendant") alleging that the United States' claim to OMOA's property asserted through purported attachment of federal tax liens to the property is invalid and seeking a declaration that OMOA is the owner of the property, free and clear of all claims. The United States then filed a counterclaim and third-party complaint ultimately seeking to foreclose on the liens. Third–Party Defendant Unknown Trustee, individually and as trustee of Northstar Properties ("Unknown Trustee"), filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and the United States accordingly moved for leave to amend its Amended Answer, Counterclaim, and Third–Party Complaint. This matter is before the court on the aforementioned motions.

## I. FACTUAL BACKGROUND

Plaintiff is a Honduran corporation that owns and possesses four tracts of land in Rowan County, North Carolina (the "OMOA Properties"), which Plaintiff purchased in June 2004. As of September 2000, Third–Party Defendants Gary R. Boggs ("Taxpayer") and his wife, Kathleen Primavera Boggs ("Wife"), had title to the OMOA Properties and an additional property (the "Wood Duck Cove Property"). Shortly thereafter, Taxpayer and his Wife established the Corredores Centroamericanos Holdings Trust ("Corredores"). By January 2003, Taxpayer and his Wife had conveyed all of the OMOA Properties and the Wood Duck Cove Property to Corredores. In November 2003, Taxpayer and his Wife created the Northstar Properties Trust ("Northstar"). Corredores then conveyed the OMOA Properties to Northstar. In June 2004, Northstar conveyed the OMOA Properties to Plaintiff. Corredores retained title to the Wood Duck Cove Property.

Due to income tax assessments from the years 1998 and 1999, the United States has federal tax liens against all Taxpayer's property and property rights, including, as the United States alleges, Taxpayer's interest in the OMOA Properties. In both March and November 2005, the United States filed a Notice of Federal Tax Lien in Rowan County, which had the combined effect of purporting to attach a lien to each of the four tracts constituting the OMOA Properties. Plaintiff claims it is a bona fide purchaser of the OMOA Properties and that Defendant's actions are adverse to its title. As such, Plaintiff seeks a declaratory judgment that Plaintiff is the owner in fee simple of the OMOA Properties, free and clear of any claims by Defendant or third parties.

In response, the United States asserts a counterclaim against OMOA and the other parties that held title to the OMOA Properties from Taxpayer and his Wife to the present. The counterclaim requests that the court either declare that OMOA is a nominee of Taxpayer and order that the nominee liens be foreclosed, or in the alternative, set aside as fraudulent the series of conveyances of the OMOA Properties from Taxpayer and his Wife to OMOA and order that the tax liens against Taxpayer's interest in the OMOA Properties be foreclosed. In addition, the United States asserts a third-party claim against Taxpayer, his Wife, and the trustees of Corredores, seeking to reduce the assessments against Taxpayer to judgment and foreclose on either the nominee or tax lien on the Wood Duck Cove Property on the alternative theories that Corredores is a nominee of Taxpayer or that the conveyance to Corredores should be set aside as fraudulent.

## II. ANALYSIS

### A. Motion to Dismiss

■ Unknown Trustee seeks to dismiss this action because although he [1] is captioned as a third-party defendant, in the third-party complaint, the United States both fails to identify Unknown Trustee as a party and

---

1. The gender of Unknown Trustee is not known, but for the sake of brevity, the court refers to Unknown Trustee using masculine pronouns.

neglects to set forth any claim or allegation against him or Northstar.[2] Unknown Trustee concedes that there are references to Unknown Trustee and Northstar in the United States' counterclaim but notes that Unknown Trustee is not a party to the counterclaim.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a challenged pleading, but it does not resolve disputes surrounding the facts or the merits of a claim. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). A court must determine only if the pleading at issue fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The key issue is not whether the plaintiff will prevail on his claim, but whether he is entitled to offer evidence in support of the claim. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir.1989) (citation omitted). A court should dismiss a case on Rule 12(b)(6) grounds only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In determining whether to dismiss under Rule 12(b)(6), the pleading must be liberally construed in the light most favorable to the nonmoving party, and the allegations made therein must be taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969) (citations omitted).

Even when the court construes the United States' third-party complaint in the light most favorable to Defendant, it is clear that the United States asserts no third-party claim against Unknown Trustee. In the third-party complaint, Defendant does not identify Unknown Trustee as a party and, in fact, fails to even mention either Unknown Trustee or Northstar. Moreover, from the facts alleged, neither Unknown Trustee nor Northstar has ever had a property interest in the Wood Duck Cove Property which is the primary subject of the third-party complaint. Because the United States has failed to state a third-party claim against Unknown Trustee, Unknown Trustee should be dismissed from the United States' third-party complaint.

■ The United States explains that it incorrectly captioned Unknown Trustee a third-party defendant but intended to designate Unknown Trustee a counterclaim defendant. This is a plausible explanation because while the third-party complaint does not even mention Unknown Trustee or Northstar, the United States' counterclaim sets forth sufficient allegations regarding Unknown Trustee and Northstar to survive a motion to dismiss. In the counterclaim, the United States seeks to foreclose on the liens attached to the OMOA Properties by either obtaining a declaration that OMOA is a nominee of Taxpayer or having the court set aside the series of conveyances to OMOA as fraudulent. This claim for relief involves determining ownership interests in the OMOA Properties as among Taxpayer and those who held title to the OMOA Properties along with and after Taxpayer. Northstar, which allegedly held title to the OMOA Properties between Taxpayer and OMOA, is a part of this determination, and the United States has thus stated a valid claim against Unknown Trustee.

Unknown Trustee nevertheless notes that he is not a party to the counterclaim against OMOA because he is not an original party to the action. Unknown Trustee's assertion is incorrect. Federal Rule of Civil Procedure 13(h) allows persons other than parties to the original action to be joined to a counterclaim or cross-claim in accordance with Rules 19 and 20, governing party joinder. Fed. R.Civ.P. 13(h). Rule 20(a) allows parties to be joined as defendants in an action

> if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any

---

**2.** While Unknown Trustee is named as a party to the action, Unknown Trustee serves as trustee of Northstar, the entity which actually held title to the OMOA Properties. Therefore, when referring to Defendant's allegations, the court refers to both Unknown Trustee and Northstar to ensure that all allegations regarding Northstar's title to and transfer of the OMOA Properties by and through its trustee are discussed.

question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a). The United States' right to relief against the counterclaim defendants, including Unknown Trustee, arises out of the same series of conveyances of the OMOA Properties and involves the common question of the ownership status of the OMOA Properties as among the parties in the relevant chain of title. As Northstar is one of those parties, Unknown Trustee can properly be joined to the counterclaim pursuant to Rules 13(h) and 20(a).[3] Because there are sufficient allegations in Defendant's counterclaim regarding Unknown Trustee and Northstar and the Federal Rules allow Unknown Trustee to be joined as a counterclaim defendant, Unknown Trustee should not be dismissed from Defendant's counterclaim.

### B. Motion to Amend

■ The United States seeks leave to amend the caption of its Amended Answer, Counterclaim, and Third–Party Complaint to correctly reflect Unknown Trustee's designation as a counterclaim defendant. Federal Rule of Civil Procedure 15 governs amendments to pleadings. If a pleading triggers the adversary's right to file a responsive document, Rule 15 allows a party to amend its pleading "only by leave of court or by written consent of the adverse party" when the opposing party has already filed the responsive pleading. Fed.R.Civ.P. 15(a). Because Unknown Trustee filed a motion to dismiss before Defendant sought to amend its answer and Defendant did not obtain consent, Defendant must seek leave to amend.

Granting leave to amend is a matter within the court's discretion, *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), but "the federal rules strongly favor granting leave to amend." *Medigen of Ky., Inc. v. Public Serv. Comm'n of W. Va.,* 985 F.2d 164, 167–68 (4th Cir.1993). In fact, Rule 15(a) requires that "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). The Fourth Circuit's view is that "leave to amend a pleading should be

denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir.2006) (citations omitted). Moreover, the Supreme Court noted that "outright refusal to grant the leave without any [of the aforementioned] justifying reason[s] appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion . . . ." *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. This perspective is consistent with the Federal Rules, which "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (citation omitted).

The court sees no evidence of any of the grounds for denying a motion to amend in the instant case. Instead, the court views the situation at bar as a classic case for granting a motion to amend. It appears that the United States inadvertently miscaptioned Unknown Trustee as a third-party defendant. There is no appearance of bad faith or suggestion that the amendment will prejudice Unknown Trustee, as the United States does not seek to change anything other than an error in the caption. Unknown Trustee was given notice of the United States' claim for relief with the filing of the counterclaim and allowing the United States to amend does not change the nature or substance of the claim. It merely permits correction of a technical deficiency very early in the case. Finally, rather than being futile, amendment will allow the United States to proceed against Unknown Trustee as a counterclaim defendant rather than having Unknown Trustee dismissed from the action. The court thus sees no justification for denying the United States' motion to amend and finds that the proper course consistent with the Federal Rules is to allow amendment and proceed with the case on the merits.

---

**3.** Because Rules 13(h) and 20(a) allow Unknown Trustee to be joined to Defendant's counterclaim, this court makes no determination regarding whether Unknown Trustee is a necessary party and should thus be joined to the counterclaim pursuant to Rule 19.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Third–Party Defendant Unknown Trustee's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [35] is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Unknown Trustee is dismissed from the United States' Third–Party Complaint but that Unknown Trustee is not dismissed from the United States' Counterclaim.

IT IS FURTHER ORDERED that the United States' Motion for Leave to File Second Amended Answer, Counterclaim, and Third–Party Complaint [39] is GRANTED. The United States has thirty days from the entry of this order in which to file an amended document.